**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

       vs.                      Criminal Action 2:12-CR-13(1)
                                         Judge Marbley

**DARRELL A. ANDERSON**

**REPORT AND RECOMMENDATION**

The United States of America and defendant Darrell A. Anderson entered into a plea agreement whereby defendant agreed to enter a plea of guilty to Count 1 of an *Indictment* charging him with conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846.[1] On June 15, 2012, defendant, accompanied by counsel, appeared for a change of plea hearing. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time the guilty plea was entered, defendant was in full possession of defendant's

---

[1] The *Plea Agreement*, Doc. No. 20, also contemplates that defendant will acknowledge liability for the forfeiture alleged in Forfeiture A of the *Indictment*.

faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined defendant's competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge contained in Count 1 of the *Indictment* and the consequences of the plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by defendant, defendant's attorney and the attorney for the United States, and filed on March 7, 2012[2] represents the only promises made by anyone regarding the charge in the *Indictment*.[3] Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw the guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge. Defendant confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding

---

[2] At the change of plea proceeding, there was some confusion as to the form of the *Plea Agreement* and the Court directed the attorney for the United States to file a correct version of the *Plea Agreement*. However, it is now apparent that the *Plea Agreement* reflected at Doc. No. 20 is the full and accurate version of the agreement executed by all parties, including defendant.

[3]

of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant Darrell A. Anderson's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 15, 2012                             *s/ Norah McCann King*
 Date                                      Norah M$^c$Cann King
                                      United States Magistrate Judge